UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>       vs.<br><br>CARLOCITO SLIM,<br><br>                    Defendant. | 5:17-CR-50126-JLV<br><br>REPORT AND RECOMMENDATION REGARDING MOTION TO DISMISS (DOC. 102) |

Pending is Defendant's Motion to Dismiss Count 1 of the Indictment and to Compel an Election on Either Count on Grounds of Multiplicity (Doc. 102). Based on a careful consideration of all the evidence and counsel's written arguments, the Court respectfully makes the following:

## RECOMMENDATION

It is respectfully recommended that Defendant's Motion to Dismiss be granted in part and denied in part.

## JURISDICTION

Defendant is charged in a Superseding Indictment with Attempted Commercial Sex Trafficking of a Minor in violation of 18 U.S.C. §§ 1591(a)(1) and 1594(a) and Attempted Enticement of a Minor Using the Internet in violation of 18 U.S.C. § 2422(b). The pending Motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and United States District Judge Jeffrey L. Viken's Standing Order dated April 1, 2018. (Doc. 104).

1

## **FACTUAL BACKGROUND**

Mr. Slim is charged in a two-count Superseding Indictment with Attempted Commercial Sex Trafficking of a Minor and Attempted Enticement of a Minor Using the Internet, respectively. Specifically, the Superseding Indictment charges Mr. Slim as follows:

### COUNT 1

On or about the 10th day of August, 2017, in the District of South Dakota, the defendant, Carlocito Slim, did, in and affecting interstate commerce, attempt to recruit, entice, obtain, patronize, and solicit a person who had not attained the age of 18 years, knowingly and recklessly disregarding the fact that the person would be caused to engage in a commercial sex act, all in violation of 18 U.S.C. §§ 1591(a)(1) and 1594(a).

### COUNT 2

On or about the 10th day of August, 2017, in the District of South Dakota, the defendant, Carlocito Slim, did use a facility and means of interstate commerce, that is, a cellular phone and computer attached to the Internet, to attempt to knowingly persuade, induce, entice, and coerce an individual who had not yet attained 18 years of age to engage in sexual activity for which the defendant could be charged with a criminal offense, namely, rape in the fourth degree, in violation of South Dakota Codified Law § 22-22-1(5), and felony sexual contact with a child under sixteen, in violation of South Dakota Codified Law §§ 22-22-7 and 22-22-7.1, all in violation of 18 U.S.C. § 2422(b).

(Doc. 48).

First, Mr. Slim argues that Counts 1 and 2 are multiplicitous. In support of this argument, Mr. Slim argues that even if each statute requires proof of different facts on its face, Congress did not intend to provide for such multiple punishment in this case. (Doc. 102 at p. 3).

2

The Government responds that the Superseding Indictment is not multiplicitous because both counts pass the Blockburger test by requiring proof of an additional element that the other does not.  Specifically, the Government responds that Count 1 "requires proof the defendant sought to recruit, entice, obtain, patronize or solicit a person to engage in a commercial sex act.  A commercial sex act is one in which something of value is given or received in exchange for the sex act." (Doc. 107 at p. 3).  On the other hand, Count 2 "requires no commercial element.  That charge contains a distinct element—element 3—requiring proof that, if the sexual activity had occurred, the defendant could have been charged with a criminal offense under state law." Id. at p. 4.

Second, Mr. Slim argues that Count 1 is duplicitous and fails to state an offense.[1]  Specifically, he argues that the "knowing" and "reckless disregard" conduct are distinct offenses, which are improperly charged together under

---

[1] The court notes that Mr. Slim inconsistently refers to both Count 1 and Count 2 in the section of his Motion challenging a count as being duplicitous and for failure to state an offense. (Doc. 102 at p. 1).  Mr. Slim's opening paragraph of his motion argues "count **I** is internally duplicitous and fails to state an offense." Id. (emphasis added).  However, the second section of his Motion addressing this argument is titled "Duplicity and Failure to State an Offense – Count **2**." Id. at p. 3 (emphasis added).  Mr. Slim continues to refer inconsistently to Count 1 and Count 2 within the section of the motion concerning duplicity and failure to state an offense.  Despite Mr. Slim's inconsistent reference to both Count 1 and Count 2, the court construes Mr. Slim's motion to be attacking duplicity and failure to state an offense as it pertains to **Count 1** only because the title of the Motion references a dismissal of Count 1.  Additionally, the substance of Mr. Slim's motion clearly and consistently refers to a contention with regards to the language of "knowingly and recklessly" as it pertains to 18 U.S.C. §§ 1591(a).  Because Count 1 is the only count that uses the language "knowingly and recklessly," and is also the only count that charges a violation under 18 U.S.C. § 1591(a), the court construes the second part of the Motion to be attacking Count 1, and construes the references to Count 2 to be typographical errors.

3

Count 1.  (Doc. 102 at p. 4).  Additionally, he argues Count 1 fails to state an offense because the statute "may be violated in one of two ways," either by:

1. Slim kn[owing] the person intended to be made available for a commercial sex act was under the age of 18 years; or
2. The person intended to be made available for a commercial sex act was being caused to engage in the commercial sex act by means of force, threats of force, fraud or coercion and Slim recklessly disregarded this fact.

Id. at p. 6-7.

The Superseding Indictment does not allege a violation of the latter by force, threats of force, fraud or coercion.  Rather, Mr. Slim argues the following:

Because count I of the superseding indictment purports to charge Slim with an offense that is not actually an offense under 18 U.S.C. § 1591(a)(1)−reckless disregard of a child's age in the absence of any allegation of fraud, threat of force, fraud, or coercion−and the jury will be allowed to consider whether Slim acted in reckless disregard, without more, there cannot be a sustainable conviction.

Id. at p. 9.  Accordingly, Mr. Slim argues dismissal of Count 1 "is warranted because the grand jury in considering this count was asked to return an indictment against Slim on an improper basis" by finding probable cause as to the lesser standard of *reckless disregard* of the age of the purported victim[2], as opposed to as opposed to *knowing* the age of the purported victim as being under eighteen years.  Id. at p. 8.

The Government responds that Mr. Slim's argument conflicts with authority from the Eighth Circuit holding that § 1591, as amended in 2008,

---

[2] The court's reference to a purported victim is only for purposes of legal analysis concerning the elements of the offenses charged in the Superseding Indictment.  The court recognizes the facts of this case do not present a real-life victim.  Rather, the charges stem from a sting operation where law enforcement posed as a minor.

4

provides for the disjunctive alternative *mens rea* of knowing or in reckless disregard of the fact that an individual has not attained the age of eighteen. Id. at p. 7-8.

## DISCUSSION

### I.  Counts 1 and 2 are not Multiplicitous

Mr. Slim first argues that Counts 1 and 2 are multiplicitous.  The Double Jeopardy Clause of the Fifth Amendment provides that "no person shall be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V.  "An indictment is multiplicitous if it charges the same crime in two counts." United States v. Chipps, 410 F.3d 438, 447 (8th Cir. 2005).  "A multiplicitous indictment is impermissible because 'the jury can convict the defendant on both counts, subjecting the defendant to two punishments for the same crime in violation of the double-jeopardy clause of the Fifth Amendment.'" United States v. Sandstrom, 594 F.3d 634, 651–523 (8th Cir. 2010) (quoting Chipps, 410 F.3d at 447)).  "Demonstrating that an indictment violates the double jeopardy clause requires the defendant to show that the two offenses charged are in law and fact the same offense." United States v. Two Elk, 536 F.3d 890, 898 (8th Cir. 2008) (internal quotation omitted).

The Blockburger test sets out the applicable rule that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

5

Blockburger v. United States, 284 U.S. 299, 304 (1932).  "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."  Id. (internal quotation omitted).  Furthermore, the "double jeopardy clause does not prevent multiple punishments for the same offense where Congress has specifically authorized cumulative punishment under two statutes."  United States v. Mills, 835 F.2d 1262, 1264 (8th Cir. 1987).

Mr. Slim is charged in Count 1 of the Superseding Indictment with Attempted Commercial Sex Trafficking of a Minor in violation of 18 U.S.C. §§ 1591(a)(1) and 1594(a).  (Doc. 48).  The elements of Attempted Commercial Sex Trafficking of a Minor are as follows:

1. The Defendant knowingly attempted to recruit, entice, obtain, patronize or solicit *a person whom he knew would be caused to engage in a commercial sex act*;

2. The Defendant believed or recklessly disregarded that the person who would be caused to engage in a commercial sex act had attained the age of fourteen years but had not attained the age of eighteen years; and

3. The offense was in or affecting interstate commerce.

See e.g., United States v. Mung, 5:18-cr-50091-JLV, Docket 42 at p. 6-7 (D.S.D. 2019) (providing jury instructions for Attempted Commercial Sex Trafficking of a Minor).

Mr. Slim is charged in Count 2 of the Superseding Indictment with Attempted Enticement of a Minor Using the Internet in violation of 18 U.S.C. §

6

2422(b). (Doc. 48). The elements of Attempted Enticement of a Minor Using the Internet are as follows:

1. The Defendant *knowingly used a computer or device with internet capability* to entice, persuade, induce, or coerce, or attempt to do so, someone under the age of eighteen to engage in sexual activity;

2. The Defendant believed such person was less than eighteen years of age; and

3. *If the sexual activity had occurred, you could have been charged with a criminal offense under the laws of the State of South Dakota,* namely Rape in the Fourth Degree in violation of South Dakota Codified Law § 22-22-1(5) and Felony Sexual Contact with a Child under Sixteen in violation of South Dakota Codified Law §§ 22-22-7 and 22-22-7.1.

See e.g., Mung, 5:18-cr-50091-JLV, Docket 42 at p. 9-11 (D.S.D. 2019) (providing jury instructions for Attempted Enticement of a Minor Using the Internet).

Counts 1 and 2 are not multiplicitous, as each count clearly satisfies Blockburger by requiring proof of an additional element that the other count does not require. Count 1 requires proof that the Defendant knowingly attempted to recruit, entice, obtain, patronize or solicit a person whom he knew would be caused to engage in a *commercial sex act*. A "commercial sex act" is defined as any sex act, on account of which anything of value is given to or received by any person. Id. at p. 6. Count 2 requires no such proof of a commercial sex act. Contrary, Count 2 requires proof that the Defendant knowingly used a *computer or device with internet capability* to entice, persuade, induce, or coerce, or attempt to do so, someone under the age of

eighteen to engage in sexual activity.  Count 2 also requires proof that if the activity had occurred, the Defendant *could have been charged with a criminal offense under the laws of the State of South Dakota*.  Count 1 requires no such proof of either element.  Because each count requires proof of an additional element that the other count does not require, the counts are not the same in law and fact, and therefore, are not multiplicitous.

### a. The "Same Conduct" Rule has been Expressly Overruled by the Supreme Court of the United States

Mr. Slim's argument that that, even though each statute requires proof of different facts on its face Congress did not intend to provide for such multiple punishment in this case, is without merit.  Congress need not authorize multiple punishment arising from the same conduct when each offense requires proof of an additional element that the other offense does not require.  In other words, it makes no difference whether the same conduct happens to form the basis of both distinct charges. See Blockburger, 284 U.S. at 304 (internal quotation omitted) (holding "[a] single act may be an offense against two statutes" without implicating double jeopardy); Two Elk, 536 F.3d at 898 (internal quotation omitted) (emphasis added) ("Demonstrating that an indictment violates the double jeopardy clause requires the defendant to show that the two offenses charged are in law *and* fact the same offense.").

Therefore, even if the exact same factual scenario constitutes a violation of two distinct statutory offenses, double jeopardy would not be implicated.  It is not enough for the offenses to be factually the same, they must be in *law*

*and fact* the same offense.  See id.  The use of the conjunctive word "and" by the Eighth Circuit Court of Appeals in Two Elk makes it clear that the standard is a two-prong test where *both* must be satisfied before double jeopardy is implicated.  Therefore, for a defendant to prevail on a multiplicity argument, he cannot merely assert that the factual assertions in separate counts stemmed from the same incident; he must *also* show that the statutes charged in separate counts are the same *in law*, meaning each statute does not require proof of an additional element that the other count does not require.

> The Eighth Circuit Court of Appeals has held the following:
>
> An indictment is multiplicitous if it charges the same crime in two counts.  Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.  Unless the two offenses each contain an element not found in the other, they are the same offense and double jeopardy bars additional punishment.

United States v. Bernhardt, 903 F.3d 818, 825 (8th Cir. 2018) (internal quotations and citations omitted).

Despite the Eighth Circuit's use of the phrase "the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a *fact* which the other does not[,]" it is clear that the Eighth Circuit is using the word "fact" synonymously with the word "element."  Id.  The Eighth Circuit, in using this language, is not suggesting that it is impermissible for the same conduct or the same incident to form the basis of separate charges arising from distinct statutes.  Rather, the Eighth Circuit is

9

using the same language approved of by the Supreme Court in Blockburger. See Blockburger, 284 U.S. at 304 (emphasis added) ("A single act may be an offense against two statutes; and if each statute *requires proof of an additional fact* which the other does not[.]").  Likewise, it is clear in Blockburger that the Supreme Court uses the term "fact" synonymously with "element" because the Court ultimately held that "although both sections were violated by *one sale,* two offenses were committed." Id. (emphasis added).

Although the "same conduct" rule was at one time in effect, such a rule has been expressly overruled by the Supreme Court in support of Blockburger as the *sole* test for double jeopardy.  See United States v. Dixon, 509 U.S. 688, 704 (1993) (overruling Grady v. Corbin, 495 U.S. 508 (1990)) ("The 'same-conduct' rule [Grady] announced is wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy.); Dixon, 509 U.S. at 704 (quoting Gavieres v. United States, 220 U.S. 338, 345 (1911)) ("While it is true that the conduct of the accused was one and the same, two offenses resulted, each of which had an element not embraced in the other.").

The Seventh Circuit Court of Appeals, although considering different charges than the present case, provides thoughtful clarity regarding the Supreme Court's overruling of the "same conduct" rule.

> [The defendant] suggests that even if the two crimes require proof of different elements in theory, in this case the same facts proved both the [an element of the first charge] and [an element of the second charge].  That is, [the defendant] argues that the government could not prove a violation of the [the first charge] in this case without also proving that the defendant [violated the statute in the second

10

charge]. [The defendant's] argument essentially reiterates the Supreme Court's holding in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), which was overruled as "wrong in principle [and] ... unstable in application" by *United States v. Dixon*, 509 U.S. 688, 709, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). In multiplicity challenges the *elements* of each offense—not the specific offense conduct—determine whether two offenses are the same for purposes of double jeopardy. *See Rutledge v. United States,* 517 U.S. 292, 298, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996) ("The *Blockburger* test requires us to consider whether ... the § 846 conspiracy offense requires proof of any *element* that is not a part of the CCE offense." (emphasis added)). We reiterated this point in *United States v. Hatchett*:

> *Dixon* informs us that in deciding whether two offenses are the same or not, our inquiry must focus on the elements of each of the charged offenses rather than the underlying conduct. *Dixon* re-established the "same elements" test articulated by *Blockburger* as the one and only test that courts are to apply in considering whether a defendant may be ... punished twice based on a single act or transaction.

245 F.3d 625, 631 (7th Cir.2001).

Accordingly, it makes no difference that the same evidence established that [the defendant] forcibly caused [the victim] to travel in interstate commerce and also that he "held" her as required for conviction of kidnapping. Each of these offenses requires proof of an element that the other does not, and that defeats [the defendant's] multiplicity argument. His convictions do not violate double jeopardy.

United States v. Larsen, 615 F.3d 780, 787–88 (7th Cir. 2010) (emphasis in original). See also United States v. Siers, No. CR 11-30131-RAL, 2011 WL 6826805, at *3 (D.S.D. Dec. 28, 2011) (quoting Larsen, 615 F.3d at 788) (emphasis in original) ("Nor does it matter, as Defendant argues, that Counts I, II, and III arise out of the same alleged incident. . . . In multiplicity challenges

11

the *elements* of each offense—not the specific offense conduct—determine whether two offenses are the same for purposes of double jeopardy.").

Therefore, it makes no difference whether Counts 1 and 2 charge Mr. Slim based on factual assertions stemming from the same incident. Counts 1 and 2 are not the same in law *and* fact, because each requires proof of an additional *element* that the other count does not require. Accordingly, this court respectfully recommends Mr. Slim's Motion to Dismiss be denied on the grounds of multiplicity.

## II. Count 1 is not Duplicitous

Mr. Slim next argues that Count 1 "is internally duplicitous and fails to state an offense." (Doc. 102 at p. 1). Mr. Slim's arguments contradict themselves. "Duplicity occurs when distinct and separate offenses are joined together in the same count." United States v. Stegmeier, 701 F.3d 574, 581 (8th Cir. 2012) (internal citations omitted). A count in an indictment cannot simultaneously fail to state an offense and join together distinct and separate offenses. Even so, Count 1 is not duplicitous.

Mr. Slim's argues "the allegation Slim acted both knowingly and recklessly are two separate violations which here are improperly charged in a single count." (Doc. 102 at p. 3-4). Specifically, Mr. Slim argues the count is duplicitous for alleging he acted "both knowingly and in reckless disregard *of the age of the putative victim.*" (Doc. 102 at p. 3) (emphasis added).

However, the court notes that the language of the Superseding Indictment actually alleges a violation by acting in knowing and reckless

12

disregard of the fact that the individual would be *caused to engage in a commercial sex act, not* as it pertains to the age of the purported victim. (Doc. 48 at p. 1). In fact, the Superseding Indictment is devoid of any mention of *mens rea* as it pertains to Mr. Slim's knowledge of the age of the purported victim.[3]

Regardless, even if the Superseding Indictment had been properly worded to allege Mr. Slim acted with knowing or reckless disregard both as it pertains to: (1) the age of the individual and; and (2) the fact that the individual would be caused to engage in a commercial sex act, the analysis on duplicity would remain the same.

The statute providing for criminal charges of Attempted Commercial Sex Trafficking of a Minor reads in pertinent part, the following:

> Whoever . . . *knowing, or,* except where the act constituting the violation of paragraph (1) is advertising, *in reckless disregard* of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or *that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act,* shall be punished as provided in subsection (b).

18 U.S.C. § 1591 (emphasis added).[4]

The disjunctive *mens rea* in the statute does not provide for two separate offenses, but rather, provides two alternative *mens rea* for the commission of a

---

[3] The complete absence of *mens rea* in the language of the Superseding Indictment regarding the *age* of the purported victim will be addressed *infra* in Section III.
[4] Mr. Slim is not charged with advertising constituting the act in violation of 18 U.S.C. § 1591(a), and therefore, the exception excluding reckless disregard for an appropriate *mens rea* in relation to advertising is not applicable in the present case.

13

single offense under 18 U.S.C. § 1591(a).  Therefore, two separate offenses are not charged in Count 1 in violation of FED R. CRIM. P. 12(b)(3)(B)(i).  See also United States v. Chappell, 665 F.3d 1012, 1013 (8th Cir. 2012) (noting Congress amended § 1591 in 2008 to provide for a violation of the statute based on a *mens rea* of knowing *or* in reckless disregard).  Accordingly, this court respectfully recommends Mr. Slim's Motion to Dismiss be denied on the grounds of duplicity.

### III.   Count 1 Fails to Properly State an Offense

Mr. Slim's argument that Count 1 fails to properly state an offense because it charges "an offense that is not actually an offense under 18 U.S.C. § 1591(a)(1)−reckless disregard of a child's age in the absence of any allegation of fraud, threat of force, fraud, or coercion" is without merit.  (Doc. 102 at p. 9).  The Eighth Circuit has been clear to explain that "Congress amended § 1591 in 2008 to prohibit [enticing or recruiting a person to engage in a commercial sex act] 'knowing, *or in reckless disregard of* the fact . . . that the person has not attained the age of 18 years.'"  United States v. Chappell, 665 F.3d 1012, 1013 (8th Cir. 2012)[5] (quoting 18 U.S.C. § 1591(a)) (emphasis and omission in original).

However, the Government has conceded an error in the language of the Superseding Indictment:

---

[5] The Eighth Circuit ultimately held it was plain error to instruct the jury that defendant could be convicted if he recruited a person to engage in a commercial sex act while knowing or acting in reckless disregard of the fact that the person was younger than eighteen years of age because Chappell had been charged *prior* to the amendment of 18 U.S.C. § 1591.  That situation is not applicable here, as Mr. Slim was charged for conduct alleged in 2017, *after* the applicable amendment of § 1591.

14

> [T]he undersigned has noted an omission that must be remedied. Count I does not use the alternative potential *mens rea* outlined in § 1591—knowing or in reckless disregard—related to the minor's age, as permitted under § 1591. In other words, under the current Superseding Indictment, the *mens rea* related to the defendant's knowledge of the purported minor's age is absent. The United States intends to seek a Second Superseding Indictment at the next grand jury session held in this District, in order to clarify and present a charge incorporating both the *mens rea* alternatives. This omission has no bearing on the analysis of the defendant's motion based on duplicity.

(Doc. 107 at p. 4 fn 1). Mr. Slim does not raise this omission as grounds for his Motion to Dismiss for failure to state an offense. Rather, his argument rests on the faulty assertion that reckless disregard is an improper *mens rea* to charge an offense under § 1591 in the absence of fraud, threat of force, fraud, or coercion. (Doc. 102 at p. 9). The court has already addressed the disjunctive *mens rea, supra,* in Section II.

While the Government is correct that this omission has no bearing on the analysis of Mr. Slim's motion based on *duplicity*, it does, however, have a bearing on the analysis of his motion as it pertains to *failure to state an offense.* "An indictment is legally sufficient on its face if it *contains all of the essential elements of the offense charged,* fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Fleming, 8 F.3d 1264, 1265 (8th Cir. 1993) (emphasis added). Here, by the Government's own candid admission "the *mens rea* related to [Mr. Slim's] knowledge of the purported minor's age is absent." (Doc. 107 at p. 4, fn 1).

The second essential element of Attempted Commercial Sex Trafficking of a Minor is that the Defendant "believed or recklessly disregarded that the person who would be caused to engage in a commercial sex act had attained the age of fourteen years but had not attained the age of eighteen years." See Mung, 5:18-cr-50091-JLV, Docket 42 at p. 6-7 (D.S.D. 2019).  Count 1 of the Superseding Indictment reads as follows:

> On or about the 10th day of August, 2017, in the District of South Dakota, the defendant, Carlocito Slim, did, in and affecting interstate commerce, attempt to recruit, entice, obtain, patronize, and solicit a person who had not attained the age of 18 years, knowingly and recklessly disregarding the fact that the person would be caused to engage in a commercial sex act, all in violation of 18 U.S.C. §§ 1591(a)(1) and 1594(a).

(Doc. 48 at p. 1).  Count 1 discusses the *mens rea* regarding the fact that the purported victim would be caused to engage in a commercial sex act.  However, Count 1 omits the *mens rea* that Mr. Slim knew or recklessly disregarded that the purported victim had not yet attained the age of eighteen.  Because Count 1 fails to include the *mens rea* of the second essential element, it is defective. As written, the Grand Jury could have found probable cause for Count 1 without considering whether Mr. Slim knew or acted with reckless disregard to the purported victim's age.[6]  Accordingly, the defect cannot by subsequent

---

[6] Mr. Slim argues the Grand Jury returned an indictment against him on an improper basis, because the Grand Jury could have indicted him for the lesser *mens rea* standard of "reckless disregard" as opposed to "knowledge" of the age of the purported victim. (Doc. 102 at p. 8). While the court agrees that the Grand Jury could have returned the Superseding Indictment against Mr. Slim on an improper basis, the court disagrees with Mr. Slim's rationale. Reckless disregard would have been an appropriate *mens rea* for the Grand Jury to consider in finding probable cause. Rather, the fatal defect arises from the fact that the Superseding Indictment is completely absent of *any* mention of *mens rea* as it pertains to the purported victim's age. Accordingly, the Grand Jury could have indicted Mr. Slim without considering any *mens rea* as it pertains to the age of the purported victim.

measures such as an amendment or jury instructions.  See <u>United States v. Williams</u>, 429 F.3d 767 (8th Cir. 2005) (finding an indictment insufficient where element of criminal intent was omitted because grand jury could not have considered missing element in charging defendant and holding failure of indictment to allege element could not be corrected by amendment at trial); <u>United States v. Opsta</u>, 659 F.2d 848 (8th Cir. 1981) (holding that despite trial jury being properly instructed, indictment's failure to allege the essential element of criminal intent required dismissal); <u>United States v. Denmon</u>, 483 F.2d 1093 (8th Cir. 1973) (finding failure of the indictment to charge *mens rea* was fatally defective where criminal intent was an essential element of the offense).

In other words, absence of the consideration of *mens rea* regarding the purported victim's age, improperly allowed the Grand Jury to consider 18 U.S.C. § 1591(a) as a strict liability offense.[7]  See <u>United States v. Lockhart</u>, 844 F.3d 501 (5th Cir. 2016) (noting 18 U.S.C. § 1591(a) is a specific *mens rea* offense).  Although the Government offers its assurances that it will seek a Second Superseding Indictment, such an indictment has not yet been procured.[8]  Accordingly, this court respectfully recommends dismissing, without prejudice, Count 1 of the Superseding Indictment as defective for

---

[7] The court notes that strict liability does exist under 18 U.S.C. § 1591(c).  However, the Government alleges a violation of 18 U.S.C. § 1591(a), not § 1591(c).

[8] The court recognizes the enhanced difficulty in obtaining a Second Superseding Indictment, in that, Grand Jury has been postponed in the District of South Dakota due to the COVID-19 pandemic.  However, the Government's assurance, on its own, is not enough to cure the defective Count.  The court makes this observation not to reprimand the Government for failure to obtain a Second Superseding Indictment in a timely fashion, but rather, to note why the defective Count must be addressed in this Report and Recommendation.

failure to include all of the essential elements of Attempted Commercial Sex Trafficking of a Minor.

## CONCLUSION

Based on the foregoing, it is respectfully recommended that Defendant's Motion to Dismiss (Doc. 102) be granted in part and denied in part consistent with the terms of this Report and Recommendation.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require *de novo* review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 27th day of May, 2020.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge