UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>CARLOCITO SLIM, a/k/a<br>CARLOCITO PONCE SLIM,<br><br>      Defendant. | CR. 17-50126-JLV<br><br>ORDER |

**INTRODUCTION**

A grand jury indicted defendant Carlocito Slim on charges of attempted commercial sex trafficking of a minor and attempted enticement of a minor using the internet. (Docket 48). Pending before the court is defendant's motion to dismiss Count I of the indictment on multiplicity and duplicity grounds. (Docket 102). The government opposes the motion. (Docket 107).

The motion to dismiss was referred to Magistrate Judge Daneta Wollmann for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and the court's April 1, 2018, standing order. The magistrate judge issued a report and recommendation ("R&R") concluding defendant's motion should be granted in part and denied in part. (Docket 108). She concluded Count I failed to state an offense and should be dismissed without prejudice, but that defendant's motion should be otherwise denied. Id. Defendant timely filed objections to the R&R. (Docket 109). The government did not object to the R&R.

Under the Federal Magistrate Act, 28 U.S.C. § 636(b)(1), if a party files written objections to the magistrate judge's proposed findings and recommendations, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.  For the reasons given below, the court overrules defendant's objections and adopts the R&R.

## I.     Defendant's Objections

Defendant's objections to the R&R span a mere two pages of double-spaced text and are not a model of clarity.  Nevertheless, the court discerns the following arguments:

1. The magistrate judge erred in her multiplicity analysis by not citing "anything in the legislative history" of the charged offenses showing "Congress intended for the same facts to constitute a violation of both statutes."  (Docket 109 at p. 1).

2. "The same facts constitute a violation of both Counts I and II[,]" which presumably, although defendant does not so argue, shows multiplicity.  Id. at p. 2.

3. Count I is duplicitous because it alleges defendant attempted to solicit a minor into engaging in a commercial sex act with both a knowing and reckless *mens rea*, while the statute connects a reckless *mens rea* with the use of force only.  Id. at p. 2.

2

To the extent defendant intended to raise other arguments, they are rejected as insufficiently specific to merit de novo review.[1] See Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990) ("[O]bjections must be . . . *specific* to trigger de novo review[.]") (emphasis added).

## II.  Analysis

### A.  Multiplicity

The multiplicity doctrine bars prosecution of crimes that violate the Double Jeopardy Clause.

> An indictment is multiplicitous if it charges the same crime in two counts.  Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.  Unless the two offenses each contain an element not found in the other, they are the same offense and double jeopardy bars additional punishment.

United States v. Bernhardt, 903 F.3d 818, 825 (8th Cir. 2018) (internal quotations and citations omitted).  To show multiplicity, "a defendant must show that the two offenses charged are in law and fact the same offense." United States v. Roy, 408 F.3d 484, 491 (8th Cir. 2005) (internal quotation omitted).

The multiplicity analysis is straightforward in this case.  Count I charges defendant with attempted commercial sex trafficking of a minor in violation of 18 U.S.C. § 1591(a)(1).  That statute "prohibits knowingly recruiting, enticing,

---

[1]For example, defendant asserted "[s]exual activity is synonymous with sexual act" and "[a] fact is not the same thing as an element" as numbered objections, neither of which make an intelligible argument.  (Docket 109 at p. 2).

3

harboring, transporting, providing, obtaining[,] maintaining[, patronizing, or soliciting] a minor, knowing [or in reckless disregard of the fact that] the minor would be caused to engage in commercial sex acts."[2]  United States v. Jungers, 702 F.3d 1066, 1069 (8th Cir. 2013) (internal quotation omitted).  Count II alleges defendant attempted to entice a minor into prohibited sexual activity using the internet in violation of 18 U.S.C. § 2422(b).  To obtain a conviction,

> the government must prove beyond a reasonable doubt that the defendant: (1) used a facility of interstate commerce, such as the internet or the telephone system; (2) knowingly used the facility of interstate commerce with the intent to persuade or entice a person to engage in illegal sexual activity; and (3) believed that the person he sought to persuade or entice was under the age of eighteen.

United States v. Herbst, 666 F.3d 504, 510-11 (8th Cir. 2012) (internal quotation omitted).

As the magistrate judge concluded, each offense requires proof an element the other does not.  Attempted commercial sex trafficking of a minor requires proof the minor would be caused to engage in a commercial sex act, while attempted enticement of a minor using the internet requires proof of internet use and intent to entice the minor into illegal sexual activity, which need not be commercial in nature.  The two offenses are not multiplicitous.

Defendant's objections do not affect the court's analysis.  First, the legislative history of the two statutes at issue is not relevant.  Where, as here, it is alleged that the same facts constitute violation of multiple statutes, the

---

[2] Section 1591 was amended in 2015.  Justice for Victims Trafficking Act of 2015, Pub. L. No. 114-22, §§ 108(a), 118(b), 129 Stat. 22, 238-39, 247.  The alterations in this quotation reflect the amendments.

4

multiplicity analysis focuses on the elements of the offenses, not on legislative history or other indicia of congressional intent. Bernhardt, 903 F.3d at 825. Where "the same statutory violation is charged twice," however, the multiplicity analysis requires a court to look to "statutory language, legislative history and statutory scheme" to determine if "Congress intended the facts underlying each count to make up a separate unit of prosecution." United States v. Chipps, 410 F.3d 438, 447-48 (8th Cir. 2005). The government did not charge multiple violations of the same statute and thus did not need to show any congressional intent.

As for defendant's second objection, it does not matter that the facts here may prove two different crimes. So long as each offense requires proof of a unique element, defendant's double jeopardy rights are not implicated. Bernhardt, 903 F.3d at 825. The offenses here, as discussed above, are not multiplicitous.

Defendant's first and second objections are overruled.

### B. Duplicity

Defendant's third objection argues Count I is duplicitous because it charges him with acting either knowingly or recklessly regarding his alleged solicitation of a minor. In his view, the statute permits a conviction based on a reckless *mens rea* only in connection with a use of force. The court does not agree with defendant's interpretation.

5

The statute criminalizes "knowingly . . . solicit[ing] by any means a person . . . knowing, or . . . in reckless disregard of the fact, that means of force . . . will be used to cause the person to engage in a commercial sex act, **or** that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act[.]" 18 U.S.C. § 1591(a)(1) (emphasis added). Two separate crimes are established in this section. See United States v. Paul, 885 F.3d 1099, 1105 (8th Cir. 2018). First, the statute prohibits knowingly soliciting a person for a commercial sex act while knowing or recklessly disregarding that force or coercion will be used to cause the person to engage in the act. Second, the statute forbids knowingly soliciting a person for a commercial sex act while knowing or recklessly disregarding that the person is a minor and will be caused to engage in the act. The *mens rea* element applies to the second element of both offenses—in the first offense, whether the victim will be forced to engage in the commercial sex act and, in the second offense, whether the victim is a minor. The government may prove a defendant acted either knowingly or recklessly with respect to the second element in both offenses.

"Duplicity is the joining in a single count of two or more distinct and separate offenses. The problem with a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense." Id. at 1104 (internal quotations and citations omitted). Count I of the indictment accuses defendant of soliciting a minor for a commercial sex act. (Docket 47 at p. 1). It does not mention the

6

use of force or coercion at all. The indictment thus does not duplicitously charge defendant with multiple offenses in a single count.

To the extent defendant argues he cannot be charged with knowing and recklessly disregarding the fictional victim's age in the same count, precedent from the United States Court of Appeals for the Eighth Circuit forecloses that argument.

> Duplicity concerns are not present . . . when the underlying statute is one which merely enumerates one or more ways of committing a single offense. In that case, all of the different ways of committing that same offense may be alleged in the conjunctive in one count, and proof of any one of the enumerated methods will sustain a conviction.

Paul, 885 F.3d at 1104 (internal quotation omitted). In Paul, the defendant argued each method of soliciting the victim listed in § 1591 established a separate crime. Id. at pp. 1104-05. An indictment listing each method in a single count would be duplicitous under that view. Id. The Eighth Circuit rejected this argument, holding each method is an "alternative way[] of committing a single offense[.]"

The same result obtains here. The statute criminalizes soliciting a person for commercial sex knowing or in reckless disregard of the person's age, creating multiple ways to commit the offense. The jury does "not need to unanimously agree on which" state of mind defendant acted with, "so long as each juror [finds] he [acted with] at least one." Id. at 1105.

Count I is not duplicitous. Defendant's third objection is overruled.

7

### C. Failure to state an offense

The magistrate judge found Count I fails to state an offense because it does not allege defendant knew or recklessly disregarded the fictional victim's age. (Docket 108 at pp. 14-18). The government conceded as much in its briefing. (Docket 107 at p. 4 n.1). No party objected to this conclusion and, on de novo review, the court adopts it. The court dismisses Count I without prejudice.[3]

### ORDER

For the reasons given above, it is

ORDERED that defendant's objections to the magistrate judge's report and recommendation (Docket 109) are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 108) is adopted.

IT IS FURTHER ORDERED defendant's motion to dismiss Count 1 (Docket 102) is granted in part and denied in part and Count I of the superseding indictment (Docket 47) is dismissed without prejudice.

IT IS FURTHER ORDERED that a scheduling order returning this case to the trial calendar shall issue.

Dated July 7, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

---

[3] The government intends to seek a superseding indictment to correct this defect. Id. In informal e-mail communication, the government informed the court it will present its case to a grand jury convening in July.